## Forbes Holton et al., Plffs. in Err., v. John W. Walter.

Want of title in the vendor is no defense to an action by him against the purchaser for the purchase money upon an agreement for the sale of his interest in land.

In an agreement for the sale of the vendor's interest, without warranty express or implied as to quantity, in property described as known by a certain name, situate in a certain township "and the same property conveyed" to the vendor by a certain deed, the reference to the deed is not a covenant that the quantity and boundaries shall be as therein set forth, but is merely for the purpose of identifying the land in which the vendor owns the interest he is selling.

(Decided November 1, 1886.)

Argued October 12, 1886, before GORDON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ. October Term, 1886, No. 74, W. D. Error to the Common Pleas of Lawrence County to review a judgment on a verdict for the plaintiff in an action of ejectment. Affirmed.

This was an action of equitable ejectment, brought by John W. Walter, to enforce the payment of purchase money owing

NOTE.—Where real property is sold without a warranty as to title or interest, none is implied. Dorsey v. Jackman, 1 Serg. & R. 42, 7 Am. Dec. 611; Cain v. Henderson, 2 Binn. 108.

by Forbes Holton, who was in possession, upon articles of agreement for the sale by Walter to Holton of "all his right, title, interest, and claim, real and personal, in the property known as the Union Glass Works, situated in Union township, Lawrence county, and state aforesaid, and the same property conveyed to said Walter by S. W. Dana, Esq., assignee of the Union Glass Company, by deed dated August 17, 1869, and recorded in deed book 17, pp. 574–5." The description in the deed was "the undivided one half of that certain piece or parcel of land situate," etc., "bounded on the north by Shenango river, on the east by Shenango river, on the south by Washington street, and west by E. & P. R. R."

The writ claimed the undivided one half of the piece of land described as in the deed, but the description was afterward amended by leave of court so that the north and east boundary should be "the water line of Shenango on its west side, as it was on August 17, 1869." The price was $3,500, and the balance of purchase money and interest due at time of trial was $3,552.50.

Between the date of the deed to Walter and his agreement with Holton, the Erie canal was abandoned, the dam just below removed, and consequently the water line along this property had receded eastward, leaving considerable land between the water line of 1869 and 1879, which was claimed by successors to the canal company's title.

The court below, WICKHAM, P. J., refused to admit evidence of pending ejectments for the strip of land left dry by the change in the river, and charged the jury, *inter alia,* as follows:

"You will observe that Mr. Holton (perhaps unfortunately for himself, and if so, we all feel sincerely sorry for him, but the law must be enforced notwithstanding), agreed to purchase the plaintiff's interest in the undivided one half of the land described in the contract offered in evidence, for the sum of $3,500. He has failed to pay more than $500 of that sum. Now, gentlemen, the plaintiff is entitled to recover the lands in the possession whereof he placed the defendants, by virtue of this agreement. He is entitled to your verdict for the recovery of the premises, etc."

Verdict for the plaintiff to be released on payment of $3,552.50, with interest and costs, etc., and judgment thereon. Thereupon the defendants took this writ, and assigned as error

the action of the court in excluding the evidence and in charging as above stated.

*D. B. Kartz, M. McConnell,* and *R. B. McComb,* for plaintiffs in error.—In every contract for the sale of land, a condition is implied for a good title, and the delivering up of the deeds. Fry, Spec. Perf. 99.

The court will not direct an inquiry where, though the contract be one of sale, the vendor only sells such interest as he has; such an agreement is, of course, perfectly valid, but, being in restraint of the purchaser's implied right to a good title, it must be made clear and unambiguous to the purchaser. Id. 359.

The whole tenor of the agreement shows that Mr. Walter was selling to Mr. Holton the undivided one half of the land deeded to him by Mr. Dana. To this undivided one half Mr. Holton has an implied right to a good title.

A decree for specific performance is of grace, not of right. Mitchell v. Steinmetz, 97 Pa. 251.

The purchaser cannot be compelled to take a doubtful title. Pratt v. Eby, 67 Pa. 397; Kostenbader v. Spotts, 80 Pa. 430.

*Dana & Long,* for defendant in error.—Where vendor contracts to convey his "right, title, and interest" in an action for purchase money, want of title is no defense. Herrod v. Blackburn, 56 Pa. 103, 94 Am. Dec. 49; Smith v. Sillyman, 3 Whart. 589.

He cannot defend an ejectment to compel payment of purchase money, by showing misdescription, without fraud, nor is he entitled to improvements. Miles v. Williamson, 24 Pa. 135.

PER CURIAM:

In the agreement of January 20, 1879, between Walter and Holton, there is found no warranty, express or implied, as to the quantity of land which the vendor was to convey. He therein agreed to sell his interest in the glass works property to Holton, whether that was much or little; and a conveyance of that interest, according to the agreement, fulfilled to the letter his covenant. The reference to the deed of the 17th of August, 1869, Dana to Walter, was not a covenant that the quantity and boundaries should be as therein set forth, but was merely a matter of

identification, and descriptive of the property in which the plaintiff owned the interest which he was selling.

The judgment is affirmed.